FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 09, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID ALLEN S.,<br><br>         Plaintiff,<br><br>     v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>         Defendant. | NO: 2:19-CV-00376-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 10 and 15. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney Dana C. Madsen. The Defendant is represented by Special Assistant United States Attorney Erin F. Highland. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 15, and **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 10.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

# BACKGROUND

Plaintiff David Allen S.[1] previously filed an application for disability insurance benefits, which was denied on August 10, 2010.  *See* Tr. 31.  His date last insured is March 31, 2010.  *Id*.  After his application was denied, Plaintiff filed a request for a hearing on October 29, 2010.  Tr. 24.  However, despite acknowledging that he received the hearing notice, Plaintiff failed to appear at the hearing.  Tr. 24. On October 17, 2011, the ALJ issued an order dismissing Plaintiff's request for a hearing.  Tr. 24-25.  Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on May 31, 2013.  Tr. 26-27.  Plaintiff did not appeal this decision.

On October 15, 2015, Plaintiff filed a new application for disability insurance benefits, alleging disability began October 1, 2002.[2]  Tr. 142-43.  As noted above, his date last insured is March 31, 2010; thus, this period was covered by the prior denial of disability insurance benefits dated August 10, 2010.  Benefits were denied initially, Tr. 38-40, and upon reconsideration, Tr. 45-47.  On January 21, 2016,

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial.

[2] Plaintiff simultaneously filed a claim for supplemental security income benefits on October 15, 2015, and a favorable decision on that claim was issued on March 1, 2016.  Tr. 94-109.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

Plaintiff filed a request for a hearing. Tr. 48. On January 24, 2018, the ALJ issued an order dismissing Plaintiff's request for a hearing on the basis of res judicata. Tr. 31-32. Plaintiff filed a request for review, and on September 24, 2018 the Appeals Council vacated the ALJ's order of dismissal and remanded the case for further proceedings. Tr. 34-35.

On March 21, 2019, the ALJ held a hearing. Tr. 316-24. The ALJ did not allow Plaintiff to testify, nor did he allow the scheduled vocational expert or medical expert to testify, on the grounds that the previous 2011 dismissal of Plaintiff's hearing request was administratively final. Tr. 320-23. Despite disallowing Plaintiff's testimony, the ALJ proceeded to consider the merits of Plaintiff's Title II claim, and issued a written decision finding there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. Tr. 16-19. Therefore, the ALJ found Plaintiff was not under a disability from his alleged onset date through the date last insured. Tr. 19. On September 16, 2019, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 7-10.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158

1  (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a

person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to

other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of October 1, 2002, through his date last insured of March 31, 2010. Tr. 18. At step two, the ALJ found that through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. Tr. 18. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from October 1, 2002, the alleged onset date, through March 31, 2010, the date last insured. Tr. 19.

/ / /

/ / /

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. ECF No. 10. Plaintiff raises the following issue for this Court's review: whether the ALJ complied with the Appeals Council remand order.

## DISCUSSION

### A. Appeals Council Remand Order

On September 24, 2018, the Appeals Council vacated the prior ALJ's finding that Plaintiff's claim was barred by res judicata because an ALJ "may not use administrative res judicata as the basis for dismissing a request for hearing based on a current application when there has been a change in a statute, regulation, ruling or legal precedent that was applied in reaching the determination or decision on the prior application." Tr. 34 (citing HALLEX 1-2-4-40K). Thus, the Appeals Council remanded the case and directed the ALJ to "issue a decision on the merits of [Plaintiff's] request for hearing on his application for a period of disability and disability insurance benefits." Tr. 34.

Pursuant to the Appeals Council order, the ALJ held a hearing on March 21, 2019. Tr. 316-24. At the hearing, the ALJ noted that Plaintiff's prior application for disability benefits was dismissed in 2011 because Plaintiff failed to appear at the hearing; that Plaintiff appealed that finding to the Appeals Council; and that on May 31, 2013 the Appeals Council denied review. Tr. 320. Thus, "[p]ursuant to

HALLEX I-2-9-5B, when the AC denies review the Administrative Law Judge's decision becomes the final decision of the Commissioner. The dismissal of a request for a hearing is binding unless vacated by an ALJ or the Appeals Council." Tr. 320. The record shows the ALJ's reasoning as follows:

> ALJ: in a situation where the [ALJ's] decision where the AC denies an appeal it's the [ALJ's] decision that becomes final and binding. That would be the order of October 17, 2011. That would be the administratively final order. . . . So the time period would be from October 17 of 2011 to 10/28/15 for the good cause reopening period. . . . In the Appeals Council remand order the Appeals Council cited HALLEX I-2-4-40 K as a basis for its decision that . . . an [ALJ] may not use administrative res judicata as the basis for dismissing a request for hearing based on the current application when there has been a change, any statute, regulation, ruling, or legal precedent that was applied in reaching the determination or a decision on a prior application. The AC went on to state a new adjudicative standard exists and [the] issues cannot be considered the same as in the prior case. It is an accurate statement of the law. Having said that, in the same HALLEX I-2-4-40 that HALLEX goes on to state, although a change in the regulations precludes an ALJ from dismissing a request for hearing on the basis of res judicata, it does not change the rules on administrative finality. Payment of the claim would be based on the current application alone, unless the conditions for reopening an earlier claim are met. So having said that, Mr. Madsen and I do have a few other comments I'll make, but what is your theory here?
>
> Plaintiff's Counsel: Your honor, as indicated in the remand order I was under the impression that the remand order is stating that since there were new regulations issued since the previous decision, that [Plaintiff] would have a right to have a de novo hearing on his case. That it would no longer be barred by res judicata. That's what I thought – that's what I was under the impression of.
>
> ALJ: I agree with you.
>
> Plaintiff's Counsel: Okay.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

ALJ: And the Appeals Council was specifically focused on the Judge's dismissal based on res judicata.

Plaintiff's Counsel: Yeah.

ALJ: Not administrative finality.

Plaintiff's Counsel: Okay.

ALJ: It's my opinion that the prior [ALJ] decision of 10/17/11 is an administratively final order. And to the extent one might argue that it wouldn't be the ALJ decision, it would then be the August 9 of 2010, prior initial denial that became administratively final when the Appeals Council denied the appeal. And that would be the decision on the merits of the issue. And I agree with the Appeals Council that the [ALJ] made an error of law, harmless in my opinion, that the [ALJ] made an error of law in dismissing the prior – dismissing this current application based on res judicata, instead of based on administrative finality. And that period would run from October 28 of 2011 to October 28 of 2015 for the four-year good cause period. There's no new and material evidence. There's no evidence of a clerical or computation error. There's no evidence considered in making the decision that clearly shows on its face that an error was made. There's been a previous decision with respect to the rights of the same party. There's been a previous determination on the same facts. There's been a previous determination that became final by administrative action or judicial action, if you want to focus on the ALJ decision. So, it's my opinion that the order's administratively final not based on res judicata. And I want to emphasize for the record that [Plaintiff's] insured status lapsed in March of 2010. It was denied in 2010. ALJ dismissed it in 2011. AC did not vacate that ALJ decision dismissing the claim. You have any further argument you'd like to state?

Plaintiff's Counsel: No, only what's in the remand order.

ALJ: Well, I've read the remand order carefully, and it's my opinion the AC was right with respect to the res judicata and sent it back for the decision, but it's my opinion that the prior order's administratively final. And that's my order.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

1  Tr. 320-23.  After making this finding at the hearing, the ALJ additionally found that

2  Plaintiff was not under a disability during the relevant adjudicatory period because

3  there were no medical signs or laboratory findings to substantiate the existence of a

4  medically determinable impairment on or before the date last insured.  Tr. 18-19.

5        Plaintiff argues that the ALJ did not follow the Appeals Council's order, and

6  "incorrectly dismissed [Plaintiff's] application for disability insurance on the

7  grounds of res judicata." ECF No. 10 at 10-13.  Specifically, Plaintiff "agrees that

8  [Plaintiff's] previous application cannot be reopened due to the doctrine of

9  administrative finality.  Instead, [Plaintiff's] argument is that under the

10 administrative regulations and based upon legal authorities, he has the right to have

11 his claim adjudicated on his current application and it is not barred by res judicata

12 because there have been new statutory regulations implemented regarding the

13 evaluation of mental impairments." ECF No. 16 at 3.  Finally, Plaintiff argues that

14 the Appeals Council's order indicated that Plaintiff would be entitled to a de novo

15 hearing on the merits of his case.  ECF No. 16 at 3-6.

16       As an initial matter, as noted by Defendant, the Appeals Council did not

17 expressly direct the ALJ to conduct a de novo hearing upon remand.  Thus, to the

18 extent that Plaintiff contends that the ALJ failed to comply with the Appeals Council

19 remand order because he was not allowed to testify as the March 2019 hearing, this

20 argument is unavailing.  Rather, the Appeals Council instructed the ALJ to "issue a

21 new decision on the merits of [Plaintiff's] request for a hearing on his application for

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

a Period of Disability and Disability Insurance Benefits.  The [ALJ] *may* take further action needed to complete the Administrative Record." Tr. 34 (emphasis added). Under 20 C.F.R. § 404.977(b), an "administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order."  Thus, an ALJ who either fails to take an action ordered by the Appeals Council or takes an action that is "inconsistent with" the Appeals Council's remand order commits legal error.  *See Trujillo v. Astrue*, 2011 WL 5870080, at *6-7 (C.D. Cal. Nov. 22, 2011) (an ALJ commits legal error when she fails to follow the remand order of the district court and Appeals Council); *Ischay v. Barnhart*, 383 F.Supp.2d 1199, 1217 (C.D. Cal. 2005) (the ALJ erred when he failed to follow the Appeals Council's remand, which directed the ALJ to conduct further proceedings consistent with the order of the court).

      As an initial matter, the Court notes that any evaluation of the merits of the ALJ's findings as to Plaintiff's request for hearing in this case is outside the scope of the issue raised by Plaintiff for the Court's review.  Rather, the Court's review is limited to whether the ALJ failed to take an action ordered by the Appeals Council or took an action that was "inconsistent with" the Appeals Council's remand order.  *See* 20 C.F.R. § 404.977(b).  Defendant argues that the ALJ fully complied with the Appeals Council order; and in support of this argument Defendant cites the ALJ's explanation, as cited in detail *supra*, that "the Appeals Council remanded [based] on

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

the ALJ's application of res judicata," whereas the ALJ in the case at bar "asserted a form of administrative finality by finding there was no good cause to reopen Plaintiff's first application, which included the ALJ's order of dismissal." ECF No. 15 at 7. The Court agrees.

Here, the ALJ specifically noted that the Appeals Council found the previous ALJ's dismissal for res judicata was "inappropriate," and that she was directed to "apply the new regulations and issue a decision on the merits of [Plaintiff's] request for hearing on his application for a period of disability and disability insurance benefits." Tr. 16. Plaintiff argues that the "ALJ incorrectly dismissed [Plaintiff's] application for disability insurance benefits based on the grounds of res judicata." ECF No. 10 at 13. However, as discussed in detail above, the ALJ explicitly "did not disagree with the Appeals Council" that it was improper to dismiss Plaintiff's request for hearing on the basis of res judicata; rather, the ALJ found that the prior 2011 order dismissing Plaintiff's request for hearing was administratively final. Tr. 321-23. Thus, the Court finds no error or inconsistency between Appeals Council's instruction that the ALJ issue a decision on the merits of the Plaintiff's request for hearing on his Title II claim, and the ALJ's finding, later upheld by the Appeals Council, that the prior 2011 dismissal of Plaintiff's request for hearing during the same adjudicatory period was administratively final. In addition, the Court notes that Plaintiff requested review of this decision, and similarly argued that the ALJ did

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

1 not comply with the Appeals Council remand order. Tr. 314-16. Significantly, on

2 September 16, 2019, the Appeals Council found as follows:

3 This is about your request for review of the Administrative Law Judge's decision dated May 13, 2019. You submitted reasons that you disagree
4 with the decision. We considered the reasons and exhibited them . . . . We found that the reasons do not provide a basis for changing the
5 Administrative Law Judge's decision.

6 Tr. 7-10. "The dismissal of a request for hearing is binding, unless it is vacated by an

7 administrative law judge or the Appeals Council." *See, e.g.,* 20 C.F.R. § 404.959;

8 *Lester*, 81 F.3d at 827 ("As a general matter, the Commissioner's refusal to reopen

9 her decision as to an earlier period is *not* subject to judicial review.").

10 Based on the foregoing, the Court finds the ALJ properly complied with the

11 Appeals Council remand order.

12 **B. Step Two**

13 As a final matter, while not specifically raised as an "issue of review" in his

14 opening brief, Plaintiff offers a summary of "medical evidence" and generally

15 contends that the ALJ's finding that there were no medical signs or laboratory

16 findings to substantiate the existence of a medically determinable impairment "is in

17 error since there were numerous psychological records and physical records

18 indicating that [Plaintiff] had significant physical and mental limitations prior to the

19 expiration of his date last insured on March 31, 2010." ECF No. 10 at 5-9. The

20 Court may decline to address issues not raised with specificity in Plaintiff's opening

21 brief. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

Cir. 2008). Regardless, the ALJ properly noted that at step two, a medically determinable impairment must be established by objective medical evidence from an acceptable medical source. Tr. 19 (citing 20 C.F.R. § 404.1521). In addition, "[n]o symptom or combination of symptoms by itself can constitute a medically determinable impairment. In claims in which there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled at step two of the sequential evaluation process." Tr. 19 (citing S.S.R. 16-3p).

Here, in order to be entitled to benefits, Plaintiff has the burden of showing that he was disabled as of his date last insured, March 31, 2010. *See* Tr. 19. However, as noted by the ALJ, "[t]he record in this case, which has gone through approximately four years of development, includes only a single 20-page exhibit contemporaneous to that period[, and] documents generally mild complaints of symptoms, with few observations or physical deficits. . . . More importantly, [Plaintiff] was never seen by an acceptable medical source – during each visit, [Plaintiff] was seen by physician assistants, nurses, or another non-acceptable medical source." Tr. 19 (citing Tr. 261-65, 267-69, 272, 274). Plaintiff generally argues that the ALJ's finding that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment was in error because there were "numerous" psychological and physical records indicating that Plaintiff had significant limitations prior to his date last insured. ECF No. 10 at 9.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

1 In support of this finding, Plaintiff relies almost entirely upon medical opinion
2 evidence, in some cases dated more than eight years after Plaintiff's date last
3 insured, opining Plaintiff had moderate to severe limitations in his mental and
4 physical abilities. ECF No. 10 at 6-8; *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d
5 1217, 1224 (9th Cir. 2010) (a statement of disability made outside the relevant time
6 period may be disregarded). However, Plaintiff fails to cite, nor does the Court
7 discern, any objective medical evidence from an acceptable medical source that
8 would establish a medically determinable impairment prior to Plaintiff's date last
9 insured.

10 Based on the foregoing, the ALJ properly found that "[t]he paucity of
11 evidence in this record speaks for itself, and [Plaintiff] has failed to meet his burden
12 in showing that he had any medically determinable impairments during the relevant
13 period." Tr. 19. The ALJ did not err at step two.

## CONCLUSION

15 A reviewing court should not substitute its assessment of the evidence for the
16 ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to
17 an ALJ's assessment as long as it is supported by substantial evidence. 42 U.S.C. §
18 405(g). As discussed in detail above, the ALJ properly complied with the Appeals
19 Council remand order, and did not err at step two. After review, the Court finds the
20 ALJ's decision is supported by substantial evidence and free of harmful legal error.

21

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** March 9, 2021.

                                        *s/ Rosanna Malouf Peterson*
                                  ROSANNA MALOUF PETERSON
                                    United States District Judge